IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lokheim Jeralle Campbell, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:09-cr-00855-TLW-3 <br> C/A No. 4:16-cv-01951-TLW <br><br><br> **Order** |

Petitioner Lokheim Jeralle Campbell pled guilty to charges of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 21); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 22). After granting the Government's motion for a downward departure pursuant to USSG § 5K1.1, the Court sentenced him to a total of 84 months incarceration, consisting of 60 months on Count 21 and 24 months consecutive on Count 22.[1] ECF Nos. 225, 235. About eighteen months after being released from custody, an assistant federal public defender filed a § 2255 petition on his behalf, saying that Hobbs Act robbery is not a valid § 924(c) predicate conviction and that he was therefore "convicted of a non-offense in Count 22 over which this court did not have jurisdiction."[2] ECF No. 663 at 1.

---

[1] His sentence was later reduced to a total of 70 months pursuant to a Rule 35(b) motion. ECF Nos. 353, 402.

[2] About a month after the petition was filed, his supervised release term was revoked and he was sentenced to 28 months incarceration, to be served consecutively to a 120-month sentence imposed by another district judge in No. 4:15-cr-00487-BHH-1. That

1

Petitioner makes two arguments why Hobbs Act robbery is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically under § 924(c)'s force clause in light of *Descamps v. United States*, 570 U.S. 254 (2013) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner's argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule contrary to its sister circuits.[3]

---

revocation judgment is currently on appeal and has been docketed in the Fourth Circuit at No. 16-4489. Due to that appeal, it is not entirely clear that this Court still has jurisdiction over this § 2255 petition, but in light of the hybrid nature of a § 2255 proceeding, the Court will proceed to rule on this petition. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 91 n.2 (2006) ("Habeas corpus is an original civil remedy for the enforcement of the right to personal liberty, rather than a stage of the state criminal proceedings or as an appeal therefrom." (internal alterations omitted)); *O'Brien v. Moore*, 395 F.3d 499, 505 (4th Cir. 2005) ("Because habeas actions have both criminal and civil aspects, courts have routinely regarded them as 'hybrid' actions.").

[3] The Court notes that this issue is currently before the Fourth Circuit in at least three cases: *United States v. Allen*, No. 4:02-cr-00750-TLW-2 (D.S.C. Feb. 5, 2019)

The analysis in the above cases applies here and is persuasive. Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause.[4] *See also Stokeling v. United States*, 139 S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force sufficient to overcome a victim's resistance, however slight the resistance); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

Because Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), Petitioner's petition for relief pursuant to § 2255, ECF No. 663, is **DENIED**. This action is hereby **DISMISSED**.[5]

The Court has reviewed this petition in accordance with Rule 11 of the Rules

---

(order denying § 2255 petition), *appeal docketed*, No. 19-6305 (4th Cir. Mar. 4, 2019); *United States v. Gleaton*, No. 3:18-cr-00006-TLW-1 (D.S.C. Mar. 26, 2018) (order denying motion to dismiss), *appeal docketed*, No. 18-4558 (4th Cir. Aug. 8, 2018); *United States v. Wilson*, No. 3:17-cr-00138-TLW-1 (D.S.C. Sept. 22, 2017) (order denying motion to dismiss), *appeal docketed*, No. 18-4159 (4th Cir. Mar. 15, 2018).

[4] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

[5] A response from the Government is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Senior United States District Judge

April 17, 2019
Columbia, South Carolina